FILED
2022 Nov-02  AM 11:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **DEELA FOSTER,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **REGIONAL MEDICAL CENTER** | ) | |
| **BOARD d/b/a NORTHEST** | ) | |
| **REGIONAL MEDICAL CENTER** | ) | |
| **a/k/a REGIONAL MEDICAL** | ) | |
| **ANNISTON,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

## I. JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and1343. This is a suit authorized and initiand pursuant to Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act/Americans with Disabilities Act Amendments Act ("ADA/ADAAA"),

## II. PARTIES

2.     Plaintiff, Deela Foster, is an African American female citizen of the United States and is a resident of Anniston, Alabama.

3.     Defendant, Regional Medical Center Board d/b/a Northeast Regional Medical Center a/k/a Regional Medical Anniston (RMC"), is a domestic  employer

engaging in business in the State of Alabama and employs at least fifteen (15) or more employees and is an employer within the meaning of Title VII, 42 U.S.C. § 1981, and the ADA/ADAAA.

4.    Defendant, RMC, was Plaintiff's employer for purposes of Title VII, 42 U.S.C. § 1981, and the ADA/ADAAA.

### III. ADMINISTRATIVE PROCEDURES

5.    Plaintiff hereby adopts and realleges paragraphs one (1) through three (3) herein above as if fully set forth herein.

6.    Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation that occurred as a result of the actions of the Defendant, RMC.

7.    This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendants from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of disability discrimination and retaliation.

8.    On March 25, 2021, within 180 days of the last discriminatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").  (Exhibit 1, Plaintiff's

EEOC Charge).

9.      Plaintiff's Dismissal and Notice of Rights was mailed by the U.S. Department of Justice Civil Rights Division/EEOC to the Plaintiff on August 3, 2022, and Plaintiff has filed suit within ninety (90) days of receipt of her Dismissal and Notice of Rights.  (Exhibit 2, Plaintiff's Notice of Right to Sue).

10.     All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

### IV.  STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLIAMS

### COUNT ONE

### PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981 CLAIMS OF RACE DISCRIMINATION

11.     Plaintiff alleges and incorporates paragraphs 1-10 as if fully set forth herein.

12.     Plaintiff is an African female and began working at RMC on or about September 11, 2019, as the Registrar in the Emergency Department.

13.     Lori Duke, Caucasian, was Plaintiff's supervisor.

14.     Ms. Duke has made racially offensive comments to other Caucasian employees in the workplace about Plaintiff and other African American employees.

15.     Ms. Duke informed other Caucasian employees that she did not want blacks in her emergency room.

16.     A Caucasian employee named Chloe stated to Plaintiff and another African American employee that she did not like them because they are black.

17.     Haley Shaw, Caucasian co-worker, was dating an African American man and Choe informed he that she did not like her because Ms. Shaw dated an African American man.

18.     Plaintiff reported the racially offensive comments to Ms. Duke and Ms. Duke laughed at Plaintiff's complaints.

19.     Nothing was done to investigate Plaintiff's complaints.

20.     Ms. Duke and Chloe continued to make racially offensive statements in the workplace after Plaintiff complained.

21.     Plaintiff complained to Human Resources and requested to be transferred out of the department so that she would not have to work in a racially hostile, harassing and discriminatory workplace.

22.     Plaintiff applied for several positions with Defendant but was denied every position and has only been interviewed one time.

23.     Plaintiff has been forced to work in a hostile and discriminatory environment that became worse after Plaintiff complained and engaged in protected activity.

24.     Plaintiff was constructively discharged on or about November 6, 2022.

25.     Defendant failed and/or refused to take action to stop and prevent the

discrimination, harassment, and hostile work environment

26.     Defendant's illegal, discriminatory, harassing, hostile and adverse actions have injured Plaintiff.

27.     Defendant condoned and tolerated race and color discrimination and other adverse actions toward Plaintiff.

28. Plaintiff's race was a factor that motivated Defendant's decisions and illegal conduct,

29.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

30.     Plaintiff has satisfied all administrative prerequisites to bring this claim

## COUNT TWO

**PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981 RETALIATION CLAIMS**

31.  Deela Foster in an African American female.

32.  Plaintiff has a good faith belief that he has been discriminated against, harassed, harassed, subjected to a racially hostile work environment and retaliated against.

33.  Plaintiff has complained about discrimination and engaged in protected activity and has suffered adverse actions.

34.  There is a causal connection between Plaintiff's protected activity and the adverse actions he has suffered.

35.  On or about in or around August 2020, Plaintiff engaged in protected activity and complained to Loti Duke, her female supervisor, and Human Resources regarding racially offensive comments made by Ms. Duke and other Caucasian employees.

36.  When plaintiff complained to Ms. Duke, Ms. Duke laughed in response and did nothing.

37.  Approximately one month after Plaintiff complained and engaged in protected activity, Ms. Duke disciplined Plaintiff in writing.

38.  Plaintiff disputed the write up and complained to Human Resources.

39.  Plaintiff asked the Human Resources to transfer to another department so that she would not have to work around Ms. Duke and Chloe die to their racist behavior.

40.  Human Resources informed Plaintiff that she would be able to transfer, but Plaintiff applied for numerous positions with Defendant outside the emergency department and Plaintiff was only interviewed one time and was not awarded another position.

41. Defendant retaliated against Plaintiff by disciplining her after she complained and forcing her to work in a racially offensive and hostile environment.

42. Defendant's retaliation against Plaintiff for his complaints and protected activity have caused Plaintiff injury.

43. Defendant has a policy prohibiting retaliation; however, Defendant willfully violated its own policy and federal laws that prohibit retaliatory conduct in the workplace.

44. As a proximate result of Defendant's unlawful retaliation, Plaintiff has suffered mental anguish, financial loss, loss of career advancement, shame, humiliation, emotional distress, loss of enjoyment of life and other non-pecuniary and pecuniary losses.

45. Plaintiff seeks declaratory and injunctive relief, and all legal and equitable relief available including back pay, benefits, front pay, interest, attorney's fees and costs, pecuniary and non-pecuniary compensatory damages for loss of career opportunities, humiliation, embarrassment, mental anguish, punitive damages and any and all such other relief as the Court deems appropriate.

46. Plaintiff requests this Court grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging further in retaliatory treatment; order Defendant

to institute and carry out policies, practices, and programs that provide protections to employees from retaliation, and which eradicate the efforts of past and present unlawful employment practices, including implementing a policy against race discrimination and retaliation; order Defendant to make Plaintiff whole by providing back pay, front pay, reinstatement, awarding Plaintiff the position that he was denied, the pay, benefits and bonuses of the position he was denied, interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, compensatory, punitive, and liquidated damages; award Plaintiff compensatory, punitive, and liquidated damages; award Plaintiff costs and expenses herein, including reasonable attorneys' fees; and award such other and further relief this Court deems necessary and proper.

## COUNT THREE

## PLAINTIFF'S ADA/ADAAA DISABILITY DISCRIMINATION CLAIMS

47.     Plaintiff alleges and incorporates paragraphs 1-10 as if fully set forth herein.

48.     Plaintiff is a qualified individual and suffered from physical impairments that substantially limited one or more major life activities.

49.     Defendant perceived or regarded Plaintiff as a person with a disability.

50.     Defendant perceived or regarded Plaintiff as having a disability that

affected major life functions.

51.    Plaintiff's disabilities could be reasonably be accommodated.

52.    Defendant failed and/or refused to reasonably accommodate Plaintiff's disabilities.

53.    Plaintiff was constructively discharged in or around October 2020.

54.    Defendant discriminated against Plaintiff and its decision was motivated by Plaintiff's disability and/or perceived disability and Plaintiff exercising her federally protected rights.

55.    As a proximate result of Defendant's disability discrimination, Plaintiff has suffered financial loss, loss of career advancement, loss of retirement, and emotional distress.

56.    Plaintiff seeks all equitable and/or prospective relief available at law from Defendant, including, but not limited to, specific performance, declaratory judgment, reinstatement, injunctive relief, surcharge, damages, or such other relief the Court may award.

57.    Plaintiff seeks all relief available at law from Defendant, including, but not limited to, lost wages, lost benefits, lost retirement, loss of future earnings, compensatory damages, punitive damages, emotional distress damages, costs, interest, and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging further in discriminatory treatment on the basis of race, disability, and/or engage in retaliation;

B.      Order Defendant to institute and carry out policies, practices, and programs that provide equal provisions and employment opportunities for all employees, and which eradicate the efforts of past and present unlawful employment practices, including implementing a policy against race discrimination, disability discrimination and retaliation;

C.      Order Defendant to make Plaintiff whole by providing back pay, front pay, reinstatement, the position(s) that she has been denied, the pay, benefits and bonuses of the position(s) she has been denied, interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, compensatory, punitive, and liquidated damages;

D.      Award Plaintiff compensatory, punitive, and liquidated damages;

E.      Award Plaintiff costs and expenses herein, including reasonable attorneys' fees; and

F.      Award such other and further relief this Court deems necessary and

proper.

**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY**

                                    Respectfully submitted,


                                    Cynthia Forman Wilkinson
                                    CYNTHIA FORMAN WILKINSON
                                    State Bar ID No: ASB-9950-L68C
                                    Attorney for Plaintiff


**OF COUNSEL:**
Cynthia Forman Wilkinson
WILKINSON LAW FIRM, PC
1717 3rd Avenue North, Suite A
Tel: (205) 250-7866
Fax:(205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net



**PLAINTIFF'S ADDRESS**:

Ms. Deela Foster
c/o WILKINSON LAW FIRM, PC
1717 3rd Avenue North, Suite A
Birmingham, Alabama 35203

**<u>PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:</u>**

Regional Medical Center Board,
d/b/a Northeast Regional Medical Center,
a/k/a Regional Medical Center - Anniston
c/o Louis Bass,
Chief Executive Officer
400 East 10th Street,
Anniston, Alabama 36207